IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAZ IMPORTS, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-01855-E |
| | § | |
| REGENCY INTERNATIONAL BUSINESS CORP., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss the Second and Third Counts of Plaintiff Raz Imports Inc.'s Complaint filed by Defendant Regency International Business Corp. (Regency) (Doc. No. 11). Having carefully considered the motion, the parties' briefing, and applicable law, the Court concludes the motion should be GRANTED.

## BACKGROUND

The following facts are from the complaint and its attachments (Doc. No. 1). RAZ Imports Inc. (RAZ) and Regency are both wholesale importers of seasonal merchandise. In approximately August 2016, RAZ personnel began developing a "Marshmallow Spray concept and drawings of several marshmallow-based products" for its Christmas collection. On or about August 26, 2016, RAZ finalized development of the RAZ Marshmallow Spray design (RAZ Marshmallow Spray), and a vendor began production shortly thereafter.

In January 2017, RAZ displayed the RAZ Marshmallow Spray at its Dallas Market Center showroom. Defendant Regency also maintains a Dallas Market Center showroom and, therefore, had access to the RAZ Marshmallow Spray while it was on display. RAZ also alleges Regency had

access to a photograph of the RAZ Marshmallow Spray, which was labelled 24" Marshmallow Pick, on the public portion of RAZ's website several times between January and June 2017. And, in March 2017, RAZ published a "Fall and Winter Wholesale Catalog 2017" that included photographs of the RAZ Marshmallow Spray and a "Marshmallow Garland," each of which was described as a "RAZ Exclusive." The catalog also generally provided notice that the "catalog and all items within are copyrighted by RAZ Imports, Inc., their licensees or their manufacturers."

In approximately July 2017, Regency worked with one of RAZ's vendors, Qingdao Home Arts, Inc. (Artime), to create a copy of the RAZ Marshmallow Spray without RAZ's authorization. Regency and Artime finalized a "substantially similar work" in September 2017. RAZ became aware of the unauthorized copy and asked Artime to stop marketing versions of the design. RAZ offered Artime an opportunity to manufacture the RAZ Marshmallow Spray and provided physical samples to Artime in October 2017. Ultimately, RAZ did not select Artime as a supplemental vendor. Artime advised that it would cease marketing its versions of the design, but indicated two of its customers, one of which was Regency, had received samples.

RAZ obtained a Certificate of Registration with the United States Copyright Office, effective December 27, 2017, for the "Marshmallow Spray," which is described as a sculpture (Doc. 1-1).[1] In January 2018, RAZ discovered Regency was displaying and selling at least two products (the Accused Products) that were substantially similar to the RAZ Marshmallow Spray. RAZ

[1] RAZ also obtained a Supplementary Registration, effective June 25, 2019, revising the first date of publication from December 1, 2017, as shown on the certificate, to March 15, 2017 (Doc. No. 1-2).

obtained images of the Accused Products from Regency's website. The image of one of the products, model number MTX62104, is labelled 33" Sugared Marshmellow Spray.[2]

In this action, RAZ asserts claims for copyright infringement and violations of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1201, *et seq*. Regency moves to dismiss the DMCA claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). The court's review is limited to the complaint, its proper attachments, and documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.) v. Barclays Bank, N.A.*, 594 F.3d 383, 387 (5th Cir. 2010).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is

---

[2] RAZ's complaint includes a screenshot of the Regency website showing the image. The complaint does not include a screenshot showing the second product, model number MTX59140, but RAZ alleges it also is entitled "Marshmellow Spray."

facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

**DMCA**

A copyright owner has the exclusive right to reproduce and distribute copies of its work. 17 U.S.C. § 106. The DMCA protects a copyright owner from another's knowing and intentional misuse of "copyright management information" (CMI) to induce, enable, facilitate, or conceal infringement. 17 U.S.C. § 1202(a),(b). As relevant here, CMI includes "any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, ...:

> (1) [t]he title and other information identifying the work, including the information set forth on a notice of copyright[,]
>
> (2) [t]he name of, and other identifying information about, the author of the work[, and]
>
> (3) [t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright."

*Id.* § 1202(c)(1). Copyrighted works on which CMI claims are based commonly consist of images and recordings, but a claim also can be based on falsification or removal of CMI from other works, including architectural plans, news articles, and drawings. *See Fischer v. Forrest*, 286 F. Supp.3d 590, 608 (S.D.N.Y. 2018), *aff'd*, Nos. 18-2955 & 2959-CV, 2020 WL 4457943 (2d Cir. Aug. 4, 2020) (citing *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010)).

Section 1202(a) prohibits a person from knowingly providing, distributing, or importing for distribution, false CMI "with the intent to induce, enable, facilitate, or conceal infringement." *Id.* § 1202(a). Thus, to state a claim for a violation of section 1202(a), RAZ must plausibly allege that Regency (1) knew CMI was false, and (2) provided, distributed, or imported to distribute the false CMI with the intent to induce, enable, facilitate, or conceal an infringement. *Aaberg v. Francesca's Collections, Inc.*, No. 17-CV-115 (AJN), 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018).

Section 1202(b)(1) prohibits a person from intentionally removing or altering any CMI without permission from the copyright owner knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement. *Id.* § 1202(b)(1). Section 1202(b) also prohibits (1) distributing or importing for distribution CMI knowing the CMI has been removed or altered without authority of the copyright owner or the law and (2) distributing or importing for distribution works, copies of works, or phonorecords knowing CMI has been removed or altered without authority of the copyright owner or the law. *Id.* § 1202(b)(2), (3). To state a claim for CMI removal or alteration, RAZ must allege "(1) the existence of CMI on the [infringed work]; (2) removal and/or alteration of that [CMI]; and (3) that the removal and/or alteration was done intentionally." *Mango v. BuzzFeed, Inc.*, 356 F. Supp.3d 368, 376 (S.D.N.Y. 2019) (internal citations omitted).

## ANALYSIS

RAZ alleges the "Marshmallow Spray" title and RAZ's identity as the RAZ Marshmallow Spray "author, owner or source" constitute CMI. In Count Two, RAZ asserts Regency violated DMCA section 1202(a) by providing "false CMI in connection with the Accused Products." In Count Three, RAZ asserts violations of section 1202(b) based on Regency's altering the title of the copyrighted work to "Marshmellow Spray" and removing any indication RAZ is the author, owner,

or source of the work. RAZ, however, does not complain that Regency falsified, removed, or altered CMI on or from the RAZ Marshmallow Spray.

Although case law interpreting section 1202(a) is sparse, some district courts have concluded there is no violation for falsification of CMI under circumstances similar to those present in this case. In *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp.2d 1352, 1359–60 (N.D. Fla. 2010), the defendant copied materials from the plaintiff's electronic textbook into note packages. The defendant's name and information were placed on the note packages; the note packages did not include CMI that the plaintiff had printed on its electronic textbook boxes and in the textbook software. *Id.* The court determined that, although incorporating the plaintiff's materials into the note packages might have constituted copyright infringement, the defendant did not violate section 1202(a) by printing its name and information on the products the defendant generated. *Id.* at 1359–60. *See also Park v. Skidmore, Owings & Merrill LLP*, No. 17-CV-4473 (RJS), 2019 WL 9228987, at *11 (S.D.N.Y. Sept. 30, 2019) (defendant did not violate section 1202(a) by claiming authorship over 1 WTC, even if 1 WTC was improperly derivative of plaintiff's Cityfront '99).

RAZ alleges the Accused Products are substantially similar to the RAZ Marshmallow Spray, and there is no doubt that they appear to be very similar. However, because RAZ complains of false CMI presented in connection with products generated by Regency, as opposed to the RAZ Marshmallow Spray, the Court finds RAZ has not stated facts to support a claim for a violation of section 1202(a).

*Faulkner Press* also is persuasive with respect to Count Three of RAZ's complaint, which alleges Regency violated section 1202(b). The court held that, to be actionable, CMI must be removed from or altered on the plaintiff's product or original work. *Faulkner Press*, 756 F. Supp.2d

at 1359. Thus, in copying portions of the plaintiff's copyrighted work and repackaging it into a new product, the defendant did not remove or alter CMI from the plaintiff's copyrighted work.

In *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17-C-7432, 2019 WL 527535, at *3, 5 (N.D. Ill. Feb. 11, 2019), the plaintiffs alleged the defendants copied aspects of plaintiffs' copyrighted home design floor plans to create "strikingly similar" or "virtually identical" floorplans from which the plaintiffs' CMI was omitted. Because the plaintiffs alleged the defendants copied aspects of their plans, and not the that defendants "directly reproduced their plans without CMI," the court dismissed the plaintiff's section 1202(b) claims. *Id.* at *5 ("basing a drawing on another's work is not the same as removing [CMI]"); *see also Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-00496 SOM/BMK, 2014 WL 5798282, at *7 (D. Hawai'i Nov. 7, 2014), *aff'd*, 700 F. App'x 674 (9th Cir. 2017) ("To the extent Frost–Tsuji is arguing that Kadowaki created 'shop drawings' based on Frost–Tsuji's work and left out Frost–Tsuji's [CMI] in the process, no actionable removal of [CMI] is involved…."); *compare DynaStudy, Inc. v. Houston Indep. Sch. Dist.*, 325 F. Supp.3d 767, 774 (S.D. Tex. 2017) (court refused to dismiss DMCA claims when plaintiff alleged schoolteachers removed copyright notice from plaintiff's "Biology EOC student course notes" before distributing copies of notes); *Interplan Architect, Inc. v. C.L. Thomas, Inc.*, No. 4:08-CV-03181, 2009 WL 6443117, at *1, 4–5 (S.D. Tex. Nov. 13, 2009) (court refused to dismiss DMCA claim when plaintiff alleged defendants intentionally removed or altered CMI on physical and/or electronic copies of plaintiff's architectural documents).

In *Aaberg*, the court denied a motion to dismiss a section 1202(b) claim when the plaintiffs pleaded that defendants sent plaintiff's copyrighted enamel pins to manufacturers and, when the infringing products returned from the manufacturers, the plaintiffs' CMI "had been completely removed." 2018 WL 1583037, at *6, 23–24. In doing do, the court noted the possibility of a divide

developing between courts concluding section 1202(b) requires a showing that CMI was removed from the plaintiff's work itself (*like Faulkner Press*) and those allowing a claim to proceed with allegations that "CMI was recreated anew."[3] The court, however, ultimately denied the motion to dismiss the section 1202(b) claim because the complaint was silent as to defendant's method of copying the pins, noting it was "reasonable to infer" the manufacturers may have used a technological process to replicate the pins without the plaintiffs' CMI rather than created the products "entirely anew based merely on 'inspiration' from the samples." *Id.* at *8.

Unlike the plaintiffs in each of the cases discussed above, RAZ does not allege that any CMI was present on, removed from, or altered on the RAZ Marshmallow Spray. Instead, RAZ complains of Regency's failure to identify images of the Accused Products on Regency's website as the RAZ Marshmallow Spray authored and owned by RAZ. RAZ directs the Court to no authority, and the Court has found none, for the proposition that such a failure constitutes a violation of section 1202(b). Accordingly, the Court finds RAZ has not plausibly alleged facts to state a claim for violation of DCMA section 1202(b).[4]

---

[3] The court cites only one opinion, *Associated Press v. All Headline News Corp.*, 608 F. Supp.2d 454, 457–58, 462 (S.D.N.Y. 2009), as an example of a court denying a motion to dismiss in a case involving allegations that "CMI was recreated anew." In *Associated Press*, the plaintiff alleged the defendant found the plaintiff's news stories on the internet and prepared the stories for republication, either rewriting the text or copying the stories in full, under the defendant's banner without identifying the plaintiff as author and copyright holder of the stories. *Id.* at 457–48. The defendant moved to dismiss the plaintiff's section 1202(b) claim for removal and alteration of plaintiff's CMI, but the issue raised in the motion to dismiss was whether the DMCA should be construed to apply only "to protect copyright management performed by the technological measures of automated systems." *Id.* at 461–62. It does not appear that defendant raised, and the court did not address, whether "allegations that CMI was recreated anew" give rise to a section 1202(b) claim.

[4] Regency also argues RAZ has not alleged facts to show Regency intended to "induce, enable, facilitate, or conceal infringement," which is a required element of the DMCA claims. 17 U.S.C. § 1202. RAZ, however, alleges that "[d]espite having been provided actual notice by RAZ on several occasions that it is engaging in copyright infringement, Regency … refused to cease and desist from further infringement." Similar allegations have been sufficient to establish the scienter element of DMCA claims in other cases. *See, e.g.*,

## CONCLUSION

For the foregoing reasons, Regency's motion to dismiss (Doc. No. 11) is **GRANTED**. In its response, RAZ requests that it be granted leave to amend its complaint to the extent the complaint is deemed deficient. A district court has discretion whether to dismiss a claim with or without prejudice, *see Club Retro L.L.C. v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009), and the court may deny an opportunity to replead if an amendment of a claim is futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). The Court finds that, under the facts alleged, further amendment of the DMCA claims would be futile. Accordingly, RAZ's DMCA claims against Regency in Count Two and Three of the complaint are **DISMISSED with prejudice**.

**SO ORDERED**; signed August 5, 2020.

ADA BROWN
UNITED STATES DISTRICT JUDGE

---

*Fischer v. Forrest*, Nos., 14-CV-1304 & 1307(PAE), 2015 WL 195822, at *9 (S.D.N.Y. Jan 13, 2015); *Agent France Presse v. Morel*, 769 F. Supp.2d 295, 306 (S.D.N.Y. 2011). Accordingly, the Court finds dismissal of RAZ's DMCA claims for failure to allege scienter is not appropriate.